AARON C. GUNDZIK (State Bar No. 132137)
REBECCA G. GUNDZIK (State Bar No. 138446)
GARTENBERG GELFAND HAYTON LLP
15260 Ventura Blvd., Suite 1920
Sherman Oaks, CA 91403
Telephone: (213) 542-2100
Facsimile: (213) 542-2101

MARSHALL A. CASKEY (State Bar No. 65410)
DANIEL M. HOLZMAN (State Bar No. 176663)
N. CORY BARARI (State Bar No. 295306)
CASKEY & HOLZMAN
24025 Park Sorrento, Ste. 400
Calabasas, CA 91302
Telephone: (818) 657-1070
Facsimile: (818) 297-1775

Attorneys for Plaintiff Amanda Portela, individually
and on behalf of all others similarly situated and as a
representative of other current and former employees

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange
**06/29/2017** at 11:22:59 AM
Clerk of the Superior Court
By Sarah Loose, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE

| | |
|---|---|
| AMANDA PORTELA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>O'REILLY AUTO ENTERPRISES, LLC, a Delaware limited liability company and DOES 1 through 25,<br><br>Defendants. | Case No.: 30-2017-00929212-CU-OE-CXC<br>Judge Glenda Sanders<br>CX101<br>**CLASS AND REPRESENTATIVE ACTION COMPLAINT FOR:**<br><br>1. **Failure to Pay Wages Earned**<br>2. **Violation of Labor Code §510 (Failure to Pay Overtime)**<br>3. **Violation of Labor Code §§226.7 and 512(a) (Failure to Provide Meal and Rest Breaks)**<br>4. **Violation of Labor Code §§201 and 202 (Failure to Pay Unpaid Wages at Time of Discharge)**<br>5. **Violation of Labor Code §2802 and § 9(A) of the Wage Order (Failure to Reimburse for Necessary Expenditures and to Provide and Maintain Uniforms)**<br>6. **Violation of Labor Code §221**<br>7. **Violation of Business & Professions Code §§ 17200 et seq.**<br>8. **Penalties Under Labor Code §26999 for Labor Code Violations**<br><br>**Jury Trial Demanded** |

1       Plaintiff bring this action individually and on behalf of all others similarly situated.

2       **PARTIES, JURISDICTION AND VENUE**

3       1.     Plaintiff Amanda Portela is an individual and resident of Orange, California.

4 Plaintiff was employed by Defendants as a merchandiser, salesperson and driver at various

5 of Defendants' auto parts stores in Orange County, California from March 2014 to June

6 2016.

7       2.     Defendant O'Reilly Auto Enterprises LLC is a limited liability company

8 organized under the laws of the state of Delaware and is authorized to do and doing business

9 in the State of California, and is one of the entities which owns and operates O'Reilly Auto

10 Parts stores in California and throughout the United States, and has owned and operated

11 such businesses at all times relevant hereto.

12       3.     Plaintiff does not know the true names or capacities of the Defendants sued

13 herein as Does 1 through 25, inclusive, and, for that reason, said Defendants are sued under

14 such fictitious names. Plaintiff is informed and believes, and based thereon, alleges that each

15 of said fictitious Defendants are and were responsible in some manner for the injuries

16 complained of herein. Plaintiff will amend this Complaint to name such fictitiously-named

17 Defendants pursuant to Code of Civil Procedure Section 474 once their identities become

18 known.

19       4.     The monetary and equitable relief sought by Plaintiff on behalf of herself and

20 the Class defined below exceeds the minimal jurisdictional limits of the Superior Court and

21 will be established according to proof at trial. The Court has personal jurisdiction over each

22 of the parties because they are either citizens of this State, doing business in this State or

23 otherwise have minimum contacts with this State.

24       5.     Venue is proper in this County, as Plaintiff was employed by Defendants

25 here.

26       6.     At all times relevant hereto, Defendants employed persons and conducted

27 business operations in California.. Defendants are therefore subject to the provisions of the

28 California Labor Code, the applicable IWC Wage Order(s), California Business and

Professions Code Sections 17200 *et seq.* ("Unfair Competition Law" or "UCL") and other relevant California law.

7.    Plaintiff is informed and believes and, based thereon, alleges that the Defendants were at all times relevant hereto members of, and engaged in, a joint venture, partnership, association or common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership, association or common enterprise. Furthermore, Plaintiff is informed and believes and, based thereon, alleges that at all times relevant hereto Defendants conspired together in, aided and abetted, contributed to, and/or acted as agents or employees of each other with respect to, the commission of the acts complained of herein. Defendants are therefore jointly and severally liable for the injuries complained of herein.

## CLASS ALLEGATIONS

8.    Plaintiff brings this action pursuant to California Code of Civil Procedure Section 382 on behalf of herself and the Class described below. The Class is comprised of and defined as:

> All non-exempt employees of Defendants in California from four years prior to the initiation of this action until the date that the class is certified (hereinafter "the Class period").

9.    There exists a well-defined community of interest among the Class, and the Class is readily ascertainable for the following reasons:

a.    The members of the Class are so numerous that joinder of all members in a single action would not be feasible or practical, and the amount of individual damages is not large enough to make individual lawsuits by each class member practical or feasible. Plaintiff is informed and believes and based upon such information and belief alleges that there are in excess of 50 members of the Class.

b.    Plaintiff's claims are typical of the claims of the rest of the Class, and Plaintiff will fairly and adequately represent the interests of the Class.

3

c.    Common issues of fact and/or law predominate in this action over any allegedly individual issues. Specifically, the following common questions of fact or law predominate and make this action superior to individual actions:

(i)    whether Plaintiff and the rest of the Class are entitled to recover damages, penalties, injunctive relief or other equitable relief on the grounds that Defendants have used uniform policies and procedures that have, from time to time, violated California labor laws and regulations and caused Plaintiff and the rest of the Class to suffer the same or similar injuries;

(ii)    whether Defendants failed to pay Plaintiff and the rest of the Class for all hours worked, in violation of California law, including Labor Code Section 204 and the applicable IWC wage order;

(iii)    whether Defendants failed to compensate Plaintiff and the rest of the Class for overtime worked, in violation of Labor Code Section 510;

(iv)    whether Defendants failed to provide Plaintiff and the rest of the Class with the legally required meal and rest breaks, in violation of Labor Code Sections 226.7 and 512(a) and the applicable wage order;

(v)    whether Defendants failed to pay Plaintiff and the Class meal period premium wages, as required by Labor Code section 226.7(c);

(vi)    whether Defendants' incentive compensation plan violates Labor Code section 221 and other California law;

(vii)    whether Defendants failed to compensate Plaintiff and the rest of the Class for all amounts due at the time of discharge, in violation of Labor Code Sections 201 and 202;

(viii)    whether Defendants failed to indemnify the Class for all of the necessary expenditures or losses incurred in direct consequence of the discharge of their duties, or of their obedience to the directions of their employer, as a result of which the Class was required to use their own automobiles and personal phones in the performance of their duties for Defendants, in violation of Labor Code Section 2802;

4

          (ix)    whether Defendants required Plaintiff and the rest of the Class to provide and maintain uniforms that they were required to wear; and

          (x)    whether Defendants' practices constitute unfair, fraudulent, or illegal business practices under Business and Professions Code Sections 17200 *et seq.*

10. California labor laws under which Plaintiff asserts the following causes of action on behalf of herself and the rest of the Class are broadly remedial in nature. These labor laws serve an important public interest in establishing minimum working conditions and standards in California. They furthermore protect employees from exploitation by employers who may seek to take advantage of their superior economic and bargaining power in setting onerous terms and conditions of employment. The class action mechanism is a particularly efficient and appropriate procedure to redress the injuries alleged herein. If each employee in the Class was required to file an individual action, Defendants would be able to use their superior financial and legal resources to gain an unfair advantage over each individual class member. Moreover, requiring each class member to pursue an individual action would also discourage the assertion of meritorious causes of action by employees who would likely be disinclined to file such individual actions due to a justifiable fear of retaliation and damage to their careers at subsequent employment.

11. In addition, even if feasible, individual actions by each Class member would create a substantial risk (i) of inconsistent or varying adjudications with respect to the claims of each Class member against Defendants, that in turn could establish potentially incompatible standards of conduct for Defendants, and/or (ii) of adjudications with respect to individual Class members that would, as a practical matter, be dispositive of the interests of the other Class members. Furthermore, the claims of each individual Class member are not sufficiently large enough to make it economically feasible to bring each Class member's claims on an individual basis.

//

//

//

5

### FIRST CAUSE OF ACTION

### FAILURE TO PAY WAGES OWED

(Against all Defendants)

12.     Plaintiff re-alleges and incorporates herein by this reference each of the allegations set forth in Paragraphs 1- 11, inclusive.

13.     During the Class period, Labor Code Section 204 and the applicable IWC Wage Order applied to Defendants' employment of Plaintiff and the rest of the Class.  At all times relevant hereto, Labor Code Section 204, the applicable IWC Wage Order, and other provisions of California law required Defendants to compensate Plaintiff and the Class for all hour worked, which included and includes the time Plaintiff and the Class were and are performing work for the benefit of Defendants.

14.  During the Class Period, from time to time, Plaintiff and the Class were required to work off the clock. Sometimes, Plaintiff and the Class would arrive at work and because the store was busy, were ordered by their supervisors to assist customers before clocking in. When closing, Plaintiff and the Class were required to clock out by a specific time. Sometimes, they had not yet completed their work for the day and therefore were required to complete their work after clocking out. Plaintiff and the Class were never paid for these times and others, when they worked off the clock. Accordingly, Plaintiff and the rest of the Class are entitled to recover from Defendants unpaid wages under California law, including Labor Code Section 204, for any time they worked off the clock and did not earn agreed upon wages at any time within the four years prior to the initiation of this action until the date that the Class is certified, plus liquidated damages under Labor Code Section 1194.2, interest thereon, together with their reasonable attorneys' fees and costs.

### SECOND CAUSE OF ACTION

### FOR VIOLATION OF LABOR CODE SECTION 510

(Against all Defendants)

15.     Plaintiff re-alleges and incorporates herein by this reference each of the allegations set forth in Paragraph 1- 14, inclusive.

6

16.     During the Class period, Labor Code Section 510 applied to Defendants' employment of Plaintiff and the rest of the Class. At all times relevant hereto, Labor Code Section 510 required Defendants to compensate Plaintiff and the Class at no less than one and one-half times their regular rate of pay for any hours worked in excess of eight (8) hours in any day and forty (40) hours in any one workweek.

17.     At times during the Class Period, Plaintiff and the Class were required to work in excess of eight (8) hours in any day and/or more than forty (40) hours during the workweek. Because, as alleged above, some of these overtime hours were worked off the clock, Plaintiff and the Class were not compensated for this time at the rates required by Labor Code Section 510. Accordingly, Plaintiff and the rest of the Class are entitled to recover from Defendants unpaid overtime that they incurred within the applicable limitations period until the date that the Class is certified, interest thereon, together with their reasonable attorneys' fees and costs.

## THIRD CAUSE OF ACTION

### FOR VIOLATION OF LABOR CODE SECTIONS 226.7(b) AND 512(a) AND THE APPLICABLE IWC WAGE ORDER

(Against all Defendants)

18.     Plaintiff re-alleges and incorporates herein by this reference each of the allegations set forth in Paragraphs 1-17, inclusive.

19.     During the Class period, Labor Code Sections 226.7(b) and 512(a) and the applicable IWC Wage Order applied to Defendants' employment of Plaintiff and the rest of the Class. At all times relevant hereto, Labor Code Section 226.7(b) provided that employers such as Defendants could not require employees such as the Class members to work during any meal or rest period mandated by an applicable order of the IWC.

20.     At all times relevant hereto, Labor Code Section 512(a) and the applicable IWC Order also required Defendants, every time Plaintiff and the Class worked a period of five (5) or more hours per day, to permit Plaintiff and the Class the opportunity to take a thirty (30) minute uninterrupted meal break during which Plaintiff and the Class were and

7

are free to leave the premises and were and are relieved of all duty. Furthermore, at all times relevant hereto, Labor Code Section 512(a) and the applicable IWC Wage Order provided that employers such as Defendants could not require or permit an employee such as Plaintiff or a member of the Class to work a period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is or was no more than twelve (12) hours, the second meal period could and may be waived by mutual consent of the employer and the employee only if the first meal period is not waived.

21.    At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest per four (4) hours or major fraction thereof" unless the total daily work time in less than three and one-half (3 ½) hours.

22.    At times during the Class period, Plaintiff and the rest of the Class were required by Defendants to work more than five (5) hours per day before they were given the opportunity to take a thirty (30) minute uninterrupted meal break during which Plaintiff and the Class were and are free to leave the premises and were and are relieved of all duty, with the exception of those employees who worked six (6) hours or less per day and legally waived their meal periods by mutual consent. Furthermore, at times during the Class period, Plaintiff and the Class were required by Defendants to work more than ten (10) hours per day without receiving a second meal period of not less than thirty (30) minutes, with the exception of those employees who worked twelve (12) hours or less per day and legally waived their second meal periods by mutual written consent.

23.    At times during the Class Period, Defendants failed to provide Plaintiff and the rest of the Class with required rest periods in violation of Labor Code Section 226.7(b) and the applicable IWC Wage Order.

24.     Labor Code section 226.7(c) provides that if an employer like Defendants fails to provide employees like Plaintiff and the Class with compliant meal and rest periods, "the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest [ ] period is not provided."

25.     On those occasions that Plaintiff and the Class were not provided with compliant meal and rest breaks, Defendants did not compensate Plaintiff and the Class with one hour of pay at their regular rate of pay, as required by Labor Code section 226.7(c).

26.     Accordingly, pursuant to Labor Code Section 226.7(c), Plaintiff and the rest of the Class are entitled to recover from Defendants one additional hour of pay at the Class members' regular rate of compensation for each work day that a meal or rest period was not provided, plus their reasonable attorneys' fees and costs.

## FOURTH CAUSE OF ACTION

### FOR VIOLATION OF LABOR CODE SECTIONS 201 and 202

(Against all Defendants)

27.     Plaintiff re-alleges and incorporates herein by this reference each of the allegations set forth in Paragraphs 1-26, inclusive.

28.     During the Class period, Labor Code Sections 201 and 202 applied to Defendants' employment of Plaintiff and the rest of the Class.  At all times relevant hereto, Labor Code Section 201 provided that, if an employer such as Defendants discharged an employee such as a member of the Class, the wages earned and unpaid at the time of discharge were due and payable immediately.  Furthermore, at all relevant times Labor Code Section 202 provided and provides that, if an employee such as a member of the Class voluntarily leaves his or her employment, the wages earned and unpaid must be paid by the employer within seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to leave, in which case the employee is entitled to receive his or her wages immediately at the time of quitting.

29.     Plaintiff and other members of the Class left their positions of employment at Defendants' business during the Class period.  However, Defendants did not pay Plaintiff

1 and the Class all of the wages that were due to them within the time required by sections 201

2 and 202, including incentives that had been earned and become calculable prior to

3 termination. Plaintiff is informed and believes and, based thereon, alleges that, during the

4 Class period, Defendants willfully failed to pay Plaintiff and the members of the Class who

5 are former employees their earned and unpaid wages, either at the time of their discharge or

6 within seventy-two (72) hours of their quitting. Defendants therefore violated Labor Code

7 Section 201 and 202.

8      30.     During the Class period, Labor Code Section 203 provided that if an

9 employer such as Defendants fails to pay any wages of an employee who is discharged or

10 who quits, the wages of the employee shall continue as a penalty from the due date thereof

11 at the same rate until paid or until an action therefore is commenced, but the wages shall not

12 continue for more than thirty (30) days. Accordingly, Plaintiff and the members of the Class

13 who were discharged or who quit during the Class period are entitled to receive their wages

14 for each day they were not paid, at their regular rate of pay, up to a maximum of thirty (30)

15 days, plus interest, costs and reasonable attorneys' fees.

16 **FIFTH CAUSE OF ACTION**

17 **FOR VIOLATION OF LABOR CODE SECTIONS 2802 AND**

18 **SECTION 9 OF THE WAGE ORDER**

19 (Against all Defendants)

20      31.     Plaintiff re-alleges and incorporates herein by this reference each of the

21 allegations set forth in Paragraphs 1-30, inclusive.

22      32.     During the Class period, Labor Code Section 2802 applied to Defendants'

23 employment of Plaintiff and the rest of the Class, and required employers such as

24 Defendants to reimburse their employees for all necessary expenditures or losses incurred by

25 employees in direct consequence of the discharge of their duties, which includes the

26 obligation to reimburse employees for the use of their own vehicles when they were required

27 to travel in the course and scope of their employment. Further, Section 9(A) of Wage Order

28 4 requires employers to provide and maintain uniforms that employees are required to wear.

10

33.    At times during the Class Period, Plaintiff and the Class were required to use their personal vehicles and GPS devices in order to discharge their duties for Defendants. Defendants have failed and refused to compensate Plaintiff and the Class for any of these expenses. In addition, Defendants required Plaintiff and the Class to provide and maintain their own uniforms. Accordingly, Plaintiff and the rest of the Class are entitled to recover from Defendants the cost of their reimbursable expenses, including reasonable compensation at the minimum wage for time spent maintaining their uniforms, interest thereon and reasonable attorneys' fees and costs.

## SIXTH CAUSE OF ACTION

### VIOLATION OF LABOR CODE SECTION 221

34.    Plaintiff re-alleges and incorporates herein by this reference each of the allegations in Paragraphs 1-33, inclusive.

35.    During the Class Period, Labor Code section 221 prohibited an employer like Defendants from collecting or receiving "from an employee any part of wages theretofore paid by said employer to said employee."

36.    During the Class Period, Defendants maintained a policy of paying Plaintiff and other Class Members a commission or incentive that was based, at times, on the individual employee's net sales. Net sales are and were determined by subtracting a percentage of all returns experienced by the store from the employee's sales. Such a scheme has been deemed unlawful under California law.

37.    As a result of the forgoing violations, Defendants have failed to pay Plaintiff and other Class Members all wages owed.

38.    Plaintiff and the Class are entitled to recover all unpaid wages, interest thereon plus costs and reasonable attorney's fees.

//

//

//

//

11

# SEVENTH CAUSE OF ACTION

## FOR VIOLATION OF BUSINESS AND PROFESSIONS CODE

### SECTIONS 17200 *ET SEQ.*

#### (Against all Defendants)

39.    Plaintiff re-alleges and incorporates herein by this reference each of the allegations in Paragraphs 1-38, inclusive.

40.    During the Class period, Defendants' practices, as alleged above, have been and continue to be unfair, fraudulent and illegal, and harmful to Plaintiff, the rest of the Class and the general public.  Defendants' above-alleged practices constitute violations of Business and Professions Code Sections 17200 *et seq.*  Specifically, a practice that violates any state law or regulation may constitute the basis of an unlawful business practice prohibited by Business and Professions Code Sections 17200 *et seq.*

41.    Among other things, the following practices of Defendants, as alleged above, constitute unfair business practices:

a.    Defendants' failure to compensate Plaintiff and the Class for all time under Defendants' control;

b.    Defendants' failure to compensate Plaintiff and the Class for their overtime work at the rates required by Labor Code Section 510;

c.    Defendants' failure to provide legally-required meal and rest breaks, as required by Labor Code sections 226.7(b) and 512(a) and the applicable IWC order and failure to pay the premium wages required by section 226.7(c);

d.    Defendants' unlawful method of calculating commissions;

e.    Defendants' failure to all pay wages within the period required by Labor Code sections 201 and 202; and

f.    Defendants' failure to reimburse Plaintiff and the Class for their reimbursable expenses as required by Labor Code Section 2802.

12

42.     Accordingly, pursuant to Business and Professions Code Section 17200 *et seq.*, Plaintiff and the rest of the Class are entitled to restitution of wages and other property held by Defendants.

43.     Plaintiff meets the standing requirements for seeking relief pursuant to Business and Professions Code Section 17203, in that she has suffered an injury in fact and have lost money as a result of Defendants' policies, practices and procedures, as more fully set forth elsewhere in this pleading.

## EIGHTH CAUSE OF ACTION

## FOR VIOLATION OF PRIVATE ATTORNEYS GENERAL ACT OF 2004

### (Against all Defendants)

44.     Plaintiff re-alleges and incorporates herein by this reference each of the allegations in Paragraphs 1-7 and 12-38, inclusive.

45.     Plaintiff brings this cause of action as a representative action on behalf of the LWDA under the Private Attorneys General Act of 2004 ("PAGA"), California Labor Code §§ 2698-2699.5. In pursuing her PAGA claim, Plaintiff represents the same legal right and interest as state labor law enforcement agencies. PAGA permits her to recover civil penalties that otherwise would have been assessed and collected by the LWDA. Plaintiff does not bring her PAGA claim as an individual but as an agent of the LWDA, and as such brings this representative action on behalf of all other current and former employees who were aggrieved within the statutory time periods for the specific violations of the California Labor Code alleged herein.

46.     Plaintiff has complied with notice requirements of Labor Code section 2699.3. On March 9, 2017, Plaintiff's representative notified the LWDA and Defendants in writing of the Labor Code violations set forth herein. Sixty-five days later, the LWDA had not responded to Plaintiff's notice. Pursuant to section 2699.3(a)(2)(A), Plaintiff was entitled to commence this action.

//

//

**Failure to Pay Wages Owed**

47.    Labor Code Section 204 and the applicable IWC Wage Order applied to Defendants' employment of Plaintiff and the rest of the aggrieved employees.  At all times relevant hereto, Labor Code section 204, the applicable IWC Wage Order, and other provisions of California law required Defendants to compensate Plaintiff and the aggrieved employees for all hour worked, which included and includes the time Plaintiff and the aggrieved employees were and are performing work for the benefit of Defendants.

48.    Labor Code Section 510 applied to Defendants' employment of Plaintiff and the rest of the aggrieved employees.  At all times relevant hereto, Labor Code Section 510 required Defendants to compensate Plaintiff and the aggrieved employees no less than one and one-half times their regular rate of pay for any hours worked in excess of eight (8) hours in any day and forty (40) hours in any one workweek.

49.    Pursuant to Labor Code section 204 and applicable California law, all wages are payable semi-monthly, except that commissions may be paid on the pay date following the date upon which the commission becomes calculable.

50.    From time to time, Plaintiff and the aggrieved employees were required to work before they could clock in for their shifts and were required to work after they had clocked out. As a result, Plaintiff and the aggrieved employees were not paid for all of the time they were under their employer's control. At times, such wages should have been paid at overtime rates, as provided by Labor Code section 510. Accordingly, Plaintiff and the rest of the aggrieved employees are entitled to recover from Defendants unpaid wages, including overtime wages, and penalties under Labor Code section 558.

51.    Defendants further violated section 204 by delaying the payment of incentives owed to aggrieved employees. Such incentives became immediately calculable as of the end of each month. However, Defendants delayed paying incentive wages until the second pay day of the following month. Due to the forgoing violations, Plaintiff is entitled to recover penalties equal to $100 per employee for the first violation and $200 per employee for all subsequent violations.

**Violations of Labor Code section 226**

52.     At all times relevant hereto, Labor Code Section 226(a) applied to Defendants' employment of Plaintiff and the rest of the aggrieved employees and required that employers such as Defendants furnish to their employees, semi-monthly or at the time of each payment of wages, an accurate itemized statement in writing showing such matters as the employer's legal name and address, the gross wages earned, the total hours worked, the net wages earned and all applicable hourly rates, during the pay period.

53.     Plaintiff is informed and believe and, based thereon, alleges that at various times, Defendants knowingly and intentionally failed to provide such accurate itemized wage statements to Plaintiff and the other aggrieved employees, in that, among other things, such statements from time to time failed to include all wages earned and the employer's legal name and address.

54.     Pursuant to Labor Code section 226(c), Plaintiff is entitled to recover penalties equal to $50 for the first violation per employee and $100 for each subsequent violation.

**Violations of Labor Code sections 226.7(b) and 512(a)**

55.     Labor Code Sections 226.7(b) and 512(a) and the applicable IWC Wage Order applied to Defendants' employment of Plaintiff and the rest of the aggrieved employees.  At all times relevant hereto, Labor Code Section 226.7(b) provided that employers such as Defendants could not require employees such as the aggrieved employees to work during any meal or rest period mandated by an applicable order of the IWC.

56.     At all times relevant hereto, Labor Code Section 512(a) and the applicable IWC Order also required Defendants, every time Plaintiff and the aggrieved employees worked a period of five (5) or more hours per day, to permit Plaintiff and the aggrieved employees the opportunity to take a thirty (30) minute uninterrupted meal break during which Plaintiff and the aggrieved employees were and are free to leave the premises and were and are relieved of all duty.  Furthermore, at all times relevant hereto, Labor Code Section 512(a) and the applicable IWC Wage Order provided that employers such as Defendants could not require or permit an employee such as Plaintiff or aggrieved employees to work a period of

15

more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is or was no more than twelve (12) hours, the second meal period could and may be waived by mutual consent of the employer and the employee only if the first meal period is not waived.

57.    At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest per four (4) hours or major fraction thereof" unless the total daily work time in less than three and one-half (3 ½) hours.

58.    Plaintiff and the rest of the aggrieved employees were required by Defendants to work more than five (5) hours per day before they were given the opportunity to take a thirty (30) minute uninterrupted meal break during which Plaintiff and the aggrieved employees were and are free to leave the premises and were and are relieved of all duty. Furthermore, at times Plaintiff and the aggrieved employees were required by Defendants to work more than ten (10) hours per day without receiving a second meal period of not less than thirty (30) minutes, with the exception of those employees who worked twelve (12) hours or less per day and legally waived their second meal periods by mutual written consent.  In addition, Defendants failed to provide Plaintiff and the rest of the aggrieved employees with required rest periods in violation of Labor Code Section 226.7(b) and the applicable IWC Wage Order.

59.    At all relevant times, Labor Code section 226.7 provided that when a compliant meal or rest break is not provided, "the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recover period is not provided."

60.    Accordingly, pursuant to Labor Code Sections 558 and 2699, Plaintiff and the rest of the aggrieved employees are entitled to recover penalties of $50 per aggrieved

CLASS AND REPRESENTATIVE ACTION COMPLAINT

1 | employee for each initial violation and $100 per aggrieved employee for each subsequent
2 | violation and all unpaid and underpaid wages, as provided for under section 226.7.
3 | **Violations of Labor Code section 2802.**

4 | 61.    At all times relevant hereto, Labor Code Section 2802 applied to Defendants'
5 | employment of Plaintiff and other aggrieved employees.  At all times relevant hereto, Labor
6 | Code Section 2802 required Defendants to reimburse Plaintiff and other aggrieved employees
7 | for expenditures they were required to make as a condition of their employment. In addition,
8 | as confirmed in section 9(A) of the Wage Order, Defendants were required to provide and
9 | maintain uniforms that aggrieved employees were required to wear.

10 | 62.    At times, Plaintiff and other aggrieved employees were required to drive their
11 | own vehicles and use their own GPS devices to fulfill their duties as employees.

12 | 63.    Defendants did not reimburse Plaintiff and the other aggrieved employees for
13 | automobile, GPS or uniform-related expenses. Accordingly, Plaintiff and the other aggrieved
14 | employees are entitled to recover penalties as provided for in Labor Code section 2699 of
15 | $100 per employee for the first violation and $200 per employee for each subsequent violation.

16 | **Violations of Labor Code Section 2751**

17 | 64.    Labor  Code  section  2751  requires  that  commission  compensation
18 | arrangements of the type that Defendants had with aggrieved employees must be "in writing
19 | and shall set forth the method by which the commissions shall be computed and paid."
20 | Moreover, "[t]he employer shall give a signed copy of the contract to every employee who is
21 | a party thereto and shall obtain a signed receipt for the contract from each employee."

22 | 65.    On information and belief, aggrieved employees did not have signed
23 | commission agreements with Defendants, Defendants not provide aggrieved employees with
24 | signed copies of any commission contracts, and Defendants did not obtain a signed receipt for
25 | the commission contract from each aggrieved employee. As a result of these violations
26 | O'Reilly is liable for civil penalties pursuant to California Labor Code section 2699(f).

27 | //
28 | //

**Violations of Labor Code sections 201 and 202.**

66.    At all times relevant hereto, Labor Code Sections 201 and 202 applied to Defendants' employment of Plaintiff and the other aggrieved employees. At all times relevant hereto, Labor Code Section 201 provided that, if an employer such as Defendants discharged an employee such as Plaintiff or the other aggrieved employees, the wages earned and unpaid at the time of discharge were due and payable immediately. Furthermore, at all relevant times Labor Code Sections 202 provided and provides that, if an employee such as Plaintiff or one of the other aggrieved employees voluntarily leaves his or her employment, the wages earned and unpaid must be paid by the employer within seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to leave, in which case the employee is entitled to receive his or her wages immediately at the time of quitting.

67.    Plaintiff and other aggrieved employees left their positions of employment at Defendants' business. However, Defendants did not pay Plaintiff and the other aggrieved employees all of the wages that were due to them within the time required by sections 201 and 202, including incentive payments that had become calculable as of the date of any such termination. Plaintiff and the other aggrieved employees are informed and believe and, based thereon, allege that at all times relevant hereto, Defendants willfully failed to pay Plaintiff and the other aggrieved employees their earned and unpaid wages, either at the time of their discharge or within seventy-two (72) hours of their quitting. Defendants therefore violated Labor Code Section 201 and 202.

68.    As a result of the acts alleged above and the allegations incorporated herein, Plaintiff seeks penalties for themselves and the LWDA on behalf of the other aggrieved employees under the California Labor Code, including the penalties available under sections 558, 2699, 1197.1, 226.7, 226(e), and 203.

69.    Pursuant to California Labor Code § 2699, Plaintiff should be awarded twenty-five percent (25%) of all penalties due under California law, plus attorneys' fees and costs.

//

## PRAYER

WHEREFORE, Plaintiff prays for judgment on behalf of herself and the rest of the Class against all Defendants, as follows:

### ON THE FIRST CAUSE OF ACTION

1. For damages for unpaid wages for Defendants' failure to pay Plaintiff and the Class for all hours worked, including the time members of the Class worked off of the clock and were not paid;

2. For liquidated damages pursuant to Labor Code Section 1194.2;

3. For prejudgment interest; and

4. For reasonable attorneys' fees and costs under Labor Code Section 218.5.

### ON THE SECOND CAUSE OF ACTION

1. For damages for unpaid overtime, as required by law;

2. For liquidated damages pursuant to Labor Code Section 1194.2;

3. For prejudgment interest; and

4. For reasonable attorneys' fees and costs under Labor Code Section 218.5.

### ON THE THIRD CAUSE OF ACTION

1. For damages for unpaid compensation as mandated by Labor Code section 226.7(c) for failing to provide timely and uninterrupted meal periods and/or rest periods;

2. For prejudgment interest; and

3. For reasonable attorneys' fees and costs under Labor Code Section 218.5.

### ON THE FIFTH CAUSE OF ACTION

1. For the wages of each Class member who is no longer employed by Defendant at their regular daily rate up to a maximum of thirty (30) days;

2. For prejudgment interest; and

3. For reasonable attorneys' fees.

### ON THE SIXTH CAUSE OF ACTION

1. For damages for the cost of the reimbursable expenses and the costs of providing and maintaining uniforms incurred by Plaintiff;

19

2.      For prejudgment interest;

3.      For reasonable attorneys' fees and costs under Labor Code Section 2802.

**ON THE SEVENTH CAUSE OF ACTION**

1.      For restitution of all unpaid wages, overtime and other monies withheld from Plaintiff and the rest of the Class as a result of Defendants' unfair, unlawful or fraudulent business practices; and

2.      For reasonable attorneys' fees and costs under Code of Civil Procedure Section 1021.5.

**ON THE EIGHTH CAUSE OF ACTION**

1.      For compensatory damages;

2.      For penalties;

3.      For prejudgment interest; and

4.      For reasonable attorneys' fees and costs under Code of Civil Procedure section 2699(g)(1).

**ON ALL CAUSES OF ACTION**

1.      For certification of the First through Seventh Causes of Action as a class action;

2.      For attorneys' fees and costs pursuant to Civil Procedure Section 1021.5, the "common fund" theory, the "substantial benefit" theory and/or any other applicable theory or doctrine; and,

3.      For such further relief as the Court may deem appropriate.

DATED: June 28, 2017                    GARTENBERG GELFAND HAYTON LLP

By: _____
     Aaron C. Gundzik
     Attorneys for Plaintiff Amanda Portela,
     individually and on behalf of all others
     similarly situated and as a representative of
     other current and former employees

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for herself and the rest of the Class on all claims so triable.

DATED: June 28, 2017                    GARTENBERG GELFAND HAYTON LLP


By: _____
       Aaron C. Gundzik
Attorneys for Plaintiff Amanda Portela,
individually and on behalf of all others
similarly situated and as a representative of
other current and former employees

CLASS AND REPRESENTATIVE ACTION COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Aaron C. Gundzik (SBN 132137)  Rebecca G. Gundzik (SBN 138446)  Gartenberg Gelfand Hayton LLP  15260 Ventura Blvd., Suite 1920  Sherman Oaks, California 91403  TELEPHONE NO.: (213) 542-2100  FAX NO.: (213) 542-2101  ATTORNEY FOR *(Name)*: Plaintiff Amanda Portela | **ELECTRONICALLY FILED**  Superior Court of California,  County of Orange  **06/29/2017** at 11:22:59 AM  Clerk of the Superior Court  By Sarah Loose, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Orange**
STREET ADDRESS: 751 West Santa Ana Blvd
MAILING ADDRESS: Santa Ana, Ca 92701
CITY AND ZIP CODE: Civil Complex Center
BRANCH NAME:

CASE NAME:
Amanda Portela v. O'Reilly Auto Enterprises, LLC

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 30-2017-00929212-CU-OE-CXC |
|---|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: Judge Glenda Sanders  DEPT: CX101 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☒ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify)*: 8
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 28, 2017

_____ (TYPE OR PRINT NAME)   _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov